**William M. HANLIN, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 97–751 C.**

United States Court of Federal Claims.

Feb. 9, 1999.

Kenneth M. Carpenter, Carpenter, Chartered, Topeka, Kansas, for plaintiff.

Mark L. Josephs, with whom were Assistant Attorney General Frank W. Hunger, Director David M. Cohen, Assistant Director Kirk T. Manhardt, Department of Justice, Washington, D.C. Martin J. Sendek, Office of the General Counsel, Department of Veterans Affairs, Washington, D.C., for defendant.

## OPINION

WIESE, Judge.

This case is before the court on defendant's motion to dismiss.

The question presented is whether plaintiff, an attorney, may sue here to recover from the United States a contingency fee due under a fee agreement that was acknowledged by the Secretary of the Department of Veterans Affairs and executed as part of a contract for legal services between plaintiff and a claimant seeking past-due veterans benefits. Plaintiff's demand arises from the Secretary's failure to withhold the fee, as otherwise contemplated by the terms of the agreement, from the past-due benefits awarded the claimant.

Defendant has moved to dismiss the action claiming, alternatively, that this court is without jurisdiction in the matter and that plaintiff has failed to state a claim on which relief can be granted. Plaintiff maintains the suit can go forward here as a contract action under the Tucker Act, 28 U.S.C. § 1491 (1994). The matter has been briefed and oral argument was heard on February 4, 1999. We now decide in defendant's favor.

## FACTS

On May 29, 1991, plaintiff's law firm entered into a contract to provide legal representation to John E. Reaves, a military veteran, in connection with Mr. Reaves' claim for past-due benefits before the Veterans Administration—now called the Department of Veterans Affairs (the Department). As part of that contract, and in a separate fee agreement dated that same day, Mr. Reaves agreed to a contingency fee arrangement in which the law firm was to receive 20% of any past-due veterans benefits awarded to him as a result of the firm's successful prosecution of his claim.

The original fee agreement was amended approximately four years later. In the second fee agreement, dated January 17, 1995, Mr. Reaves authorized the Secretary to withhold 20% of his past-due benefits, if any in fact were awarded, and to make direct payment of those funds to plaintiff's law firm. The direct payment of an attorney's fee from an award of past-due veterans benefits is authorized by 38 U.S.C.A. § 5904(d) (West 1991 & Supp.1998) and that section's implementing regulation, 38 C.F.R. § 20.609(h) (1998). In order for an attorney to qualify for direct payment, the fee agreement with the veteran must: (i) be contingent on a favorable resolution of the veteran's claim; (ii) not exceed 20% of any past-due benefits awarded to the veteran; and (iii) provide expressly for direct payment by the Secretary to the attorney. 38 U.S.C.A. § 5904(d)(1–2). Plaintiff alleges that his fee agreement with Mr. Reaves satisfied all of these conditions.

On March 10, 1995, plaintiff forwarded the second fee agreement to both the Department's regional office in Montgomery, Alabama and the Board of Veterans' Appeals (the Board) in Washington, D.C. By letter dated April 7, 1995, the Board acknowledged receipt of the fee agreement. The Board's letter also informed plaintiff that the Montgomery regional office would withhold 20% of any past-due benefits awarded to Mr. Reaves. The letter concluded by stating that if such benefits were awarded to Mr. Reaves, the Board would, at that point, review the parties' fee agreement—for compliance with

relevant statutory and regulatory provisions—prior to sending plaintiff his fee.[1]

In July of 1997, the Department determined that Mr. Reaves was entitled to veteran's pension benefits and accordingly awarded him $63,835. However, rather than withholding 20% of these funds for legal fees, the Montgomery regional office released the entire amount to Mr. Reaves.

The regional office notified Mr. Reaves of its error by letter dated August 5, 1997. The letter further explained that the fee agreement on file—the one that plaintiff had sent to the Department in March 1995—would still be reviewed by the Board for compliance with the applicable statute and regulations. Upon completion of that review, the letter continued, Mr. Reaves would be notified of the amount that he was "required to repay [his] attorney." The Montgomery regional office concluded its letter by stating:

> Under the circumstances, we are constrained to follow a 1992 precedent opinion of the VA [Veterans Administration] General Counsel (O.G.C.Prec.27–92) in which it was held that VA has no legal authority to pay attorney fees when payment of the complete amount of past-due benefits has been made to the claimant.

Although the letter was addressed to Mr. Reaves, plaintiff also received a copy.

Plaintiff filed his complaint in this court on November 3, 1997. The essence of the complaint is that a fee agreement executed in accordance with statutory authority (meaning in compliance with 38 U.S.C.A. § 5904(d)), and thereafter accepted by the Secretary, gives rise to an implied-in-fact contract and, as such, is enforceable in this court.

Defendant, as we have said, seeks dismissal of the suit on either of two grounds: (i) that the claim lies exclusively within the jurisdiction of the Secretary under 38 U.S.C. § 511(a) (1994); or, (ii) that payment of the claim involves an exercise of Secretarial discretion and therefore does not qualify as a monetary demand enforceable in this court as a matter of legal right.

## DISCUSSION

In *Cox v. West*, 149 F.3d 1360 (Fed.Cir. 1998), the court of appeals faced the question whether the Court of Veterans Appeals (now the United States Court of Appeals for Veterans Claims) had improperly declined to issue a writ of mandamus that was sought to facilitate review of a claim identical to that presented here, *i.e.*, a claim for the payment of a contingency fee that the Secretary had failed to withhold from an award of past-due veterans benefits. In resolving this issue, the appellate court ruled, in partial affirmance of the decision below, that the claim arose under a law that affected the provision of benefits by the Secretary to veterans and, as such, not only fit squarely within the provisions of 28 U.S.C. § 511(a), but also involved a matter as to which a decision by the Secretary was mandatory. The appellate court explained:

> As the Court of Veterans Appeals correctly held, Cox's claim requires the Secretary to make a decision "under a law that affects the provision of benefits by the Secretary to veterans." 28 U.S.C. § 511(a).... The relevant issue under section 511(a) is whether the decision necessarily interpreted a law that affects veterans' benefits.
>
> Likewise, the court properly held that such a decision by the Secretary is mandatory under section 511(a) and that a claimant is then entitled to review by the Board [of Veterans' Appeals]. *See* 38 U.S.C. § 7104(a).

149 F.3d at 1365.

Notwithstanding the appellate court's express holding that Cox's claim required a decision by the Secretary and that a claimant was thereafter entitled to a review of the decision by the Board of Veterans' Appeals, plaintiff insists that he may bypass that described procedural route in favor of bringing

---

[1]. As the April 7, 1995 letter indicated, the Board has the authority, on its own motion, to review the reasonableness of any fee charged. 38 U.S.C.A. § 5904(c)(2) (West 1991 & Supp.1998); 38 C.F.R. § 20.609(c) (1998). However, the Department's regulations define "fees which total no more than 20 percent of any past-due benefits awarded" as presumptively reasonable. 38 C.F.R. § 20.609(f) (1998).

a contract action directly into this court. In support of this position, he invokes the familiar rule that when two statutes are capable of co-existence, courts have a duty, absent a clearly expressed legislative purpose to the contrary, to consider each as effective. Plaintiff's view then, is that this court's contract jurisdiction permits it to stand as a parallel forum in which to litigate issues concerning fee agreements authorized under 38 U.S.C.A. § 5904.

The argument is not tenable. Examination of the text of 38 U.S.C. § 511(a), the statute considered in *Cox* and relied on by defendant here, makes it readily apparent that this is not a case in which twin statutory grants of power—the Secretary's under § 511(a) and ours under 28 U.S.C. § 1491—can be regarded as complementary jurisdictional grants each capable of addressing plaintiff's claim. Section 511(a) reads as follows:

(a) The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any other court, whether by an action in the nature of mandamus or otherwise.

Subsection (b) of the statute reads as follows:

(b) The second sentence of subsection (a) [defining the Secretary's decisional authority as final and conclusive and unreviewable] does not apply to—

(1) matters subject to section 502 of this title [relating to the Secretary's rule-making authority];

(2) matters covered by sections 1975 and 1984 of this title [relating to district court jurisdiction in matters affecting servicemen's insurance];

(3) matters arising under chapter 37 of this title [relating to veterans' housing and small business loans]; and

(4) matters covered by chapter 72 of this title [relating to the organization and juris-

diction of the United States Court of Appeals for Veterans Claims].

In assessing the significance of the above-quoted statute to the problem at hand, we think it is a fair construction of section 511 to say that the words "[t]he Secretary shall decide" necessarily mean that only the Secretary may decide. This conclusion is dictated by the fact that, by the terms of the statute, the Secretary's decision is made "final and conclusive" and "not [to] be reviewed by any other official or by any court." Plainly, it would be a pointless limitation to insist that the Secretary's decision be accorded finality if, at the same, the subject matter of such a decision could be decided elsewhere without regard to the Secretary's views. If nothing else, respect for the administrative process counsels against endorsing such a result.

Section 511 does go on to note certain exceptions to the finality of the Secretary's decision. However, these exceptions are few, and their very specification serves to underscore the point we make: that in respect to the administration and execution of the laws affecting the provision of benefits to veterans and their dependants and survivors, the Secretary is the decision-maker.

Finally, we refer to the text of 38 U.S.C.A. § 5904—the statute that authorizes the fee agreement upon which plaintiff bases his claim. Paragraph (d)(3) of that statute authorizes the Secretary to direct payment of an attorney's fee pursuant to a fee arrangement that meets prescribed requirements and then goes on to restrict the payment of such a fee out of past-due benefits only: "[i]n no event may the Secretary withhold for the purpose of such payment any portion of .benefits payable for a period after the date of the final decision of the Secretary, the Board of Veterans' Appeals, or the Court of Veterans Appeals making (or ordering the making of) the award."

The significance of the quoted text is that it recognizes that an award of veterans benefits—the necessary predicate for the payment of attorney's fees—involves a decision that begins with the Secretary and that may, at a later stage, also involve the review mechanisms provided in chapter 72 of Title 38: the Board of Veterans' Appeals (see 38

U.S.C. § 7101 (1994)) and/or the Court of Appeals for Veterans Claims (see 38 U.S.C.A. § 7251 (West 1991 & Supp.1998)). The absence from this statute of any reference to adjudicative tribunals other than those jurisdictionally associated with the Department is the surest indication that Congress did not see decisions involving attorney's fees payable from awards of past-due veterans benefits as originating elsewhere than with the Secretary.

## CONCLUSION

For the reasons stated in this opinion, the Clerk is directed to dismiss plaintiff's complaint for lack of jurisdiction. No costs.