**William M. HANLIN Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 99–5062.

United States Court of Appeals, Federal Circuit.

June 2, 2000

Kenneth M. Carpenter, Carpenter, Chartered, of Topeka, Kansas, argued for plaintiff-appellant.

Mark L. Josephs, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, argued for defendant-appellee. With him on the brief were David W. Ogden, Acting Assistant Attorney General; David M. Cohen, Director; and Kirk T. Manhardt, As-

sistant Director. Of counsel on the brief was Martin J. Sendek, Attorney, Office of the General Counsel, Department of Veterans Affairs, of Washington, DC.

Before MAYER, Chief Judge,
ARCHER, Senior Circuit Judge, and
PLAGER, Circuit Judge.

PLAGER, Circuit Judge.

William M. Hanlin appeals from a decision of the United States Court of Federal Claims dismissing his complaint against the United States ("Government") for lack of jurisdiction. *See Hanlin v. United States*, 43 Fed. Cl. 34 (1999). The Court of Federal Claims held that it did not have jurisdiction over Mr. Hanlin's claim for breach of an implied contract because the claim was exclusively within the jurisdiction of the Secretary of Veterans Affairs ("Secretary") pursuant to 38 U.S.C. § 511(a) (1994). Because the Court of Federal Claims has jurisdiction over Mr. Hanlin's claim pursuant to 28 U.S.C. § 1491(a)(1) (1994), and because 38 U.S.C. § 511(a) does not divest the Court of Federal Claims of jurisdiction, we reverse and remand.

## BACKGROUND

In 1991, Mr. Hanlin's law firm entered into a contract to provide legal representation to John E. Reaves, a veteran, in connection with his claim before the Department of Veterans Affairs ("VA") for past-due benefits. As part of the contract, Mr. Reaves agreed to a contingency fee arrangement in which the law firm would receive twenty percent of any benefits awarded to him as a result of the law firm's successful prosecution of his claim. In 1995, Mr. Reaves and the law firm executed an amended fee agreement which authorized the Secretary to withhold twenty percent of any past-due benefits awarded to the veteran and to make direct payment of those funds to Mr. Hanlin's law firm. Direct payment of attorney fees is authorized by 38 U.S.C. § 5904(d) (1994) and its implementing regulation, 38 C.F.R. § 20.609(h) (1999). Mr. Hanlin forwarded

copies of the amended fee agreement to the VA's regional office in Montgomery, Alabama, and to the Board of Veterans' Appeals, which acknowledged receipt of the fee agreement.

In July, 1997, the VA awarded Mr. Reaves $63,835 in past-due benefits. The regional office failed to withhold Mr. Hanlin's twenty percent and mistakenly paid the entire amount to Mr. Reaves. The regional office notified Mr. Reaves of its error and explained that, after the Board of Veterans' Appeals had reviewed the fee agreement as provided by 38 U.S.C. § 5904(c), it would inform Mr. Reaves of the amount he owed Mr. Hanlin. In its letter to Mr. Reaves, a copy of which Mr. Hanlin received, the regional office stated that it had no legal authority to pay attorney fees when payment of the complete amount of benefits had already been made to the veteran.

Mr. Hanlin filed a complaint in the Court of Federal Claims to recover his fee directly from the United States. Mr. Hanlin's complaint alleged that the fee agreement executed in accordance with 38 U.S.C. § 5904(d) and 38 C.F.R. § 20.609(h) and accepted by the VA gave rise to an implied-in-fact contract between himself and the United States. He asserted that the Court of Federal Claims had jurisdiction over the contract claim under the Tucker Act, 28 U.S.C. § 1491(a)(1).

The Court of Federal Claims, however, held that it lacked jurisdiction over Mr. Hanlin's claim and granted the Government's motion to dismiss Mr. Hanlin's complaint for lack of jurisdiction. *See Hanlin*, 43 Fed.Cl. at 36–38. The Court of Federal Claims, interpreting this court's decision in *Cox v. West*, 149 F.3d 1360 (Fed.Cir.1998), held that 38 U.S.C. § 511(a) provides the VA with exclusive jurisdiction over a claim for attorney fees under 38 U.S.C. § 5904(d). On appeal to this court, Mr. Hanlin asserts that 38 U.S.C. § 511(a) and 28 U.S.C. § 1491(a)(1) provide alternative procedural routes for pursuing such a claim.

## DISCUSSION

We have jurisdiction over an appeal from a final decision of the Court of Federal Claims pursuant to 28 U.S.C. § 1295(a)(3) (1994). Whether the Court of Federal Claims properly granted a motion to dismiss for lack of jurisdiction is a question of law subject to independent review on appeal. *See Gould v. United States,* 67 F.3d 925, 928 (Fed.Cir.1995).

The Tucker Act gives the Court of Federal Claims jurisdiction to render judgment on any express or implied contract claim against the United States. *See* 28 U.S.C. § 1491(a)(1). Mr. Hanlin's complaint presents a non-frivolous allegation of the existence of an implied-in-fact contract; this is sufficient to confer jurisdiction in the Court of Federal Claims under 28 U.S.C. § 1491(a)(1). *See Gould,* 67 F.3d at 929. Thus, unless another statute divests the Court of Federal Claims of its Tucker Act jurisdiction, the Court of Federal Claims properly has jurisdiction over Mr. Hanlin's contract claim.

The Government argues that 38 U.S.C. § 511(a) provides the VA with exclusive jurisdiction over Mr. Hanlin's claim and therefore jurisdiction cannot lie in the Court of Federal Claims. 38 U.S.C. § 511(a) provides that "[t]he Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans." The Government's position is essentially that 38 U.S.C. § 511(a) impliedly repeals 28 U.S.C. § 1491(a)(1) with respect to claims such as Mr. Hanlin's involving direct payment of attorney fees in accordance with 38 U.S.C. § 5904(d). The law, however, disfavors repeals by implication. *See Traynor v. Turnage,* 485 U.S. 535, 547, 108 S.Ct. 1372, 99 L.Ed.2d 618 (1988); *Morton v. Mancari,* 417 U.S. 535, 549, 94 S.Ct. 2474, 41 L.Ed.2d 290 (1974). A statute may be repealed by implication only when two statutes are irreconcilable. *See Mancari,* 417 U.S. at 550, 94 S.Ct. 2474; *Todd v. Merit Sys. Protection Bd.,* 55 F.3d

1574, 1577 (Fed.Cir.1995). Indeed, "when two statutes are capable of co-existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective." *Mancari,* 417 U.S. at 551, 94 S.Ct. 2474.

We reject the Government's contention that 38 U.S.C. § 511(a) and 28 U.S.C. § 1491(a)(1) are inconsistent and cannot be reconciled. 38 U.S.C. § 511(a) requires the Secretary to "decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits." (Emphasis added). We do not read the statute to require the Secretary, and only the Secretary, to make all decisions related to laws affecting the provision of benefits. Rather, once the Secretary has been asked to make a decision in a particular case (e.g., through the filing of a claim with the VA), 38 U.S.C. § 511(a) imposes a duty on the Secretary to decide all questions of fact and law necessary to a decision in that case. Although Mr. Hanlin's claim arises under 38 U.S.C. § 5904(d), which is "a law that affects the provision of benefits" within the meaning of 38 U.S.C. § 511(a), *see Cox,* 149 F.3d at 1365, there is no language in 38 U.S.C. § 511(a) requiring an attorney in Mr. Hanlin's position to file a claim for fees pursuant to 38 U.S.C. § 5904(d) with the VA or to otherwise pursue a remedy through the VA administrative process. Therefore, 38 U.S.C. § 511(a) does not require the Secretary to address such a claim and thus does not provide the VA with exclusive jurisdiction over Mr. Hanlin's claim.

This conclusion is not inconsistent with this court's decision in *Cox v. West.* In that case, Mr. Cox, an attorney representing a veteran before the VA, had filed a contingency fee agreement with the VA authorizing the VA to withhold his fees from the veteran's award. *See Cox,* 149 F.3d at 1361. As in Mr. Hanlin's case, the VA erroneously paid the entire amount of past-due benefits to the veteran. *See id.* Unlike Mr. Hanlin, however, Mr. Cox

**1322**

sought relief through the VA administrative process. Mr. Cox first requested the regional office to pay him his fees. *See id.* When the regional office refused, Mr. Cox filed a motion asking the Board of Veterans' Appeals to order payment. *See id.* Eventually, after the Board failed to act, the Court of Veterans Appeals[1] determined that Mr. Cox was entitled to seek relief under 38 U.S.C. § 511(a). *See id.* at 1362. Specifically, the Court of Veterans Appeals held that 38 U.S.C. § 5904(d) is a law that affects veterans' benefits and accordingly, under 38 U.S.C. § 511(a), Mr. Cox was entitled to a decision by the Secretary and review by the Board of Veterans' Appeals once he filed a notice of disagreement (NOD) with the decision of the regional office. *See id.* On appeal, this court agreed with the interpretation of 38 U.S.C. § 511(a) set forth by the Court of Veterans Appeals and remanded for the Court of Veterans Appeals to reconsider the propriety of issuing a writ of mandamus to compel the Board of Veterans Appeals to issue a decision because Mr. Cox had subsequently filed an NOD. *See id.* at 1365.

For purposes of jurisdiction, *Cox* stands for nothing more than the proposition that 38 U.S.C. § 511(a) *permits* an attorney seeking payment of attorney fees under 38 U.S.C. § 5904(d) to pursue a claim via the VA administrative process, and 38 U.S.C. § 511(a) requires the Secretary to make a decision on such a claim. Accordingly, since 38 U.S.C. § 511(a) does not prescribe a mandatory procedure for an attorney seeking relief for non-payment of fees by the VA, 38 U.S.C. § 511(a) is not inconsistent with 28 U.S.C. § 1491(a)(1), which confers jurisdiction in the Court of Federal Claims for a non-frivolous claim alleging the existence of a contract. Thus, 38 U.S.C. § 511(a) can coexist with 28 U.S.C. § 1491(a)(1). An attorney in Mr. Hanlin's position may seek relief through the VA administrative process or by filing a con-

tract claim against the Government in the Court of Federal Claims. Mr. Hanlin has chosen the latter route.

### CONCLUSION
*REVERSED and REMANDED.*

### COSTS
Each party shall bear its own costs.

---

1. On March 1, 1999, the name of the United States Court of Veterans Appeals was changed to the United States Court of Appeals for Veterans Claims, pursuant to the enactment of the Veterans Programs Enhancement Act of 1998, Pub.L. No. 105–368, § 511, 122 Stat. 3315, 3341.