958

Luther W. KLUMP, Plaintiff–
Appellant,

v.

UNITED STATES, Defendant–Appellee.

No. 01–5131.

United States Court of Appeals,
Federal Circuit.

March 6, 2002.

Before SCHALL, GAJARSA, and LINN, Circuit Judges.

## DECISION

PER CURIAM.

In April of 1995, Luther W. Klump filed a complaint in the United States Court of Federal Claims, in which he asserted various causes of action against the United States. Thereafter, in decisions dated November 4, 1997, July 13, 1998, and June 8, 2001, the court rejected all of Mr. Klump's claims, on the grounds of either lack of jurisdiction or issue preclusion, or on the merits. On June 8, 2001, the court entered judgment in favor of the United States and dismissed Mr. Klump's complaint. Mr. Klump now appeals from that judgment. We *affirm*.

## DISCUSSION

### I.

Mr. Klump is an Arizona rancher who held a grazing permit from the United States Department of the Interior's Bureau of Land Management ("BLM"). The permit covered 48,000 acres of BLM land known as the Badger Den Allotment. Un-

der the permit, no grazing was permitted in an area known as the HX Dam Protection Area, and grazing was only allowed on a seasonal basis in an area known as the Ryan Seeding Pasture. In November of 1990, BLM canceled the permit. It did so after Mr. Klump repeatedly ignored the permit's restrictions with respect to grazing in the HX Dam Protection Area and the Ryan Seeding Pasture. In April of 1993, BLM impounded Mr. Klump's cattle. It subsequently sold the cattle at auction pursuant to BLM regulations. In accordance with its regulations, BLM paid the proceeds of the sale to Mr. Klump, minus charges for sale costs, impoundment costs, and settlement of outstanding trespass fines.

Mr. Klump challenged BLM's cancellation of the grazing permit. After an administrative judge sustained the action, he appealed to the Interior Board of Land Appeals ("IBLA"), which also sustained the action. Mr. Klump appealed the IBLA decision to the United States District Court for the District of Arizona and then to the United States Court of Appeals for the Ninth Circuit. In both courts, Mr. Klump argued that the grazing permit's restriction on his use of BLM land was invalid because it violated his water and grazing rights. He also contended that when BLM canceled his grazing permit, it took his property rights without due process and without just compensation in violation of the Fifth Amendment.

Both the district court and the Ninth Circuit rejected Mr. Klump's arguments. *Klump v. United States,* No. CIV 93–302 (D.Ariz. Apr. 25, 1994), *aff'd,* 43 F.3d 1479 (9th Cir.1994). The Ninth Circuit ruled (1) that Mr. Klump had no legally cognizable water or grazing rights in the HX Dam Protection Area or in the Ryan Seeding Pasture; (2) that the grazing permit's restrictions did not violate Mr. Klump's water or grazing rights; and (3) that, in view

of Mr. Klump's intentional violation of the grazing permit's restrictions, BLM had properly canceled the permit. 43 F.3d at 1479.

In April of 1995, Mr. Klump filed his action in the Court of Federal Claims. In his complaint, he alleged that BLM's impoundment and sale of his cattle had violated the Fourth Amendment and Arizona state law. He also alleged that BLM had taken his livestock, water rights, grazing permit, livelihood, and ranch in violation of the Fifth Amendment. In his complaint, Mr. Klump sought in excess of $176 million in compensation and damages.

As noted above, in decisions issued between November of 1997 and June of 2001, the Court of Federal Claims rejected all of Mr. Klump's claims. In its November 4, 1997 decision, the court dismissed Mr. Klump's Fourth Amendment and state law claims for lack of jurisdiction. *Klump v. United States,* No. 95–280L, slip op. at 4 (Fed.Cl. Nov.4, 1997). The court also disposed of a number of Mr. Klump's Fifth Amendment claims. Specifically, the court held that BLM did not effect a Fifth Amendment taking when it impounded and sold Mr. Klump's cattle in accordance with its regulations. The court thus granted summary judgment for the government on that point. *Id.* at 5–6. As far as the cancellation of the grazing permit was concerned, the court determined that issue preclusion, arising from the prior litigation in federal district court in Arizona and the Ninth Circuit, barred the claim that the action amounted to a taking. *Id.* at 7. In the alternative, the court determined that if the grazing permit were characterized as a contract between BLM and Mr. Klump, summary judgment in favor of the government was appropriate because BLM had not breached the contract. *Id.*

On July 13, 1998, the Court of Federal Claims issued its second decision in the

case. In that decision, the court granted summary judgment in favor of the government on Mr. Klump's claim that BLM's actions against him had amounted to a taking of his entire ranch and fee land. The court determined that this claim was barred by issue preclusion because it had been rejected in Mr. Klump's unsuccessful challenge to the cancellation of the grazing permit and in a subsequent action by the United States to quiet title to the Badger Den Allotment. *Klump v. United States*, No. 95–280L, slip op. at 11–12 (Fed.Cl. July 13, 1998).

The Court of Federal Claims decision of June 8, 2001 resolved the sole remaining claim in Mr. Klump's complaint. In that decision, the court granted summary judgment in favor of the government on Mr. Klump's claim that BLM's actions had amounted to taking of his water rights. *Klump v. United States*, 50 Fed. Cl. 268 (2001). After final judgment was entered, Mr. Klump timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## II.

■ We review a ruling of the Court of Federal Claims concerning its jurisdiction *de novo. Hanlin v. United States*, 214 F.3d 1319, 1321 (Fed.Cir.2000). We also review *de novo* the court's grant of summary judgment. *Cienega Gardens v. United States*, 265 F.3d 1237, 1244 (Fed. Cir.2001).

The Court of Federal Claims properly dismissed Mr. Klump's Fourth Amendment and state law claims for lack of jurisdiction. Those claims clearly lay outside the court's jurisdiction. *See* 28 U.S.C. § 1491; *United States v. Mitchell*, 463 U.S. 206, 216–17, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983)(holding that the Court of Federal Claims' jurisdiction is limited to cases where the Constitution or a federal statute requires the payment of money

damages as compensation); *Brown v. United States*, 105 F.3d 621, 623 (Fed.Cir.1997)(concluding that "[b]ecause monetary damages are not available for a Fourth Amendment violation, the Court of Federal Claims does not have jurisdiction over such a violation.").

■ Neither did the Court of Federal Claims err in granting summary judgment on Mr. Klump's Fifth Amendment takings claims. The court properly determined that issue preclusion barred Mr. Klump's claim that his loss of grazing rights amounted to a taking. Under the doctrine of issue preclusion, "a judgment on the merits in a first suit precludes relitigation in a second suit of issues actually litigated and determined in the first suit." *In re Freeman*, 30 F.3d 1459, 1465 (Fed.Cir. 1994) (citations omitted). Issue preclusion is generally appropriate if: (i) the issue is identical to the one decided in the first action; (ii) the issue was actually litigated in the first action; (iii) the resolution of the issue was essential to a final judgment in the first action; and (iv) the plaintiff had a full and fair opportunity to litigate the issue in the first action. *Id.* (citations omitted).

All the conditions necessary for application of the doctrine are present here. In the prior litigation, Mr. Klump argued that the cancellation of his grazing permit amounted to a taking. He also argued in the prior litigation that he had a right to graze his cattle on the land whether or not he had a federal permit. *See Klump v. United States*, No. CIV 93–302 (D.Ariz. Apr. 25, 1994), *aff'd*, 43 F.3d 1479 (9th Cir.1994). Both of those issues were "actually litigated" and lost by Mr. Klump, and their resolution was essential to the final judgment in the case. Furthermore, there is nothing in the record to suggest that Mr. Klump did not have a full and fair opportunity to litigate the issues. Accord-

ingly, the Court of Federal Claims was correct in holding that Klump was precluded from relitigating his claim that his loss of grazing rights amounted to a taking.

▮ Even if Klump's claim that cancellation of his grazing permit was a taking was not precluded, his claim still fails because a grazing permit is not a compensable property right. "It is axiomatic that only persons with a valid property interest at the time of the taking are entitled to compensation." *Wyatt v. United States*, 271 F.3d 1090, 1096 (Fed.Cir.2001). Mr. Klump had no such interest in his grazing permit. The Taylor Grazing Act, the express terms of Klump's grazing permit, and the relevant case law all unambiguously establish that a grazing permit is not a compensable property interest. *See* 43 U.S.C. § 315(b)(providing that the issuance of a grazing permit does not grant any right, title, interest, or estate in or to lands held by the United States); *Alves v. United States*, 133 F.3d 1454, 1457 (Fed. Cir.1998). Accordingly, the Court of Federal Claims properly granted summary judgment for the United States on this claim.

▮ Furthermore, the Court of Federal Claims properly found that the impoundment and sale of Mr. Klump's trespassing cattle did not amount to a taking. "[R]egulation of property rights does not 'take' private property when an individual's reasonable, investment-backed expectations can continue to be realized as long as he complies with reasonable regulatory restrictions." *Kunkes v. United States*, 78 F.3d 1549, 1553 (Fed.Cir.1996), quoting *United States v. Locke*, 471 U.S. 84, 107, 105 S.Ct. 1785, 85 L.Ed.2d 64(1986). BLM's actions were fully consistent with Mr. Klump's reasonable investment-backed expectations. BLM's regulations, the permit, and BLM's numerous notices to Mr. Klump made it clear that BLM would seize and sell the trespassing cattle if Mr. Klump continued to allow them to unlawfully graze on federal land. Mr. Klump could have no reasonable expectation that his cattle would be allowed to trespass on federal land. Accordingly, BLM's impoundment and sale of the trespassing cattle was not a Fifth Amendment taking.

▮ Finally, the Court of Federal Claims correctly rejected Mr. Klump's claim that BLM took his water rights and water claims. "Taking claims rarely arise under government contracts because the Government acts in its commercial or proprietary capacity in entering contracts, rather than in its sovereign capacity." *Hughes Communications Galaxy, Inc., v. United States*, 271 F.3d 1060, 1070 (Fed. Cir.2001). "Accordingly, remedies arise from the contracts themselves, rather than from the constitutional protection of private property rights." *Id.; See also Alaska Airlines, Inc. v. Johnson*, 8 F.3d 791 (Fed.Cir.1993) (finding no Fifth Amendment taking where the government acted in its proprietary capacity, not sovereign capacity, in erroneously withholding disputed funds). While sovereign acts may give rise to a Fifth Amendment taking, mere proprietary assertions of a right to property generally do not.

In this case, BLM applied to a state agency, the Arizona Department of Water Resources ("AWDR"), asserting a proprietary interest in the water located on the Badger Den Allotment, an interest it believed it possessed once the grazing permit had been canceled. The ADWR granted BLM's application. The Court of Federal Claims correctly found that BLM did not expropriate Mr. Klump's asserted property, because "BLM was essentially acting in its proprietary capacity as a landowner and received the same treatment under Arizona law as a private owner." *Klump*, 50 Fed. Cl. at 272. The Court of Federal

claims therefore properly concluded that BLM's actions in pursuing and obtaining the water rights through the ADWR process did not effectuate a taking under the Constitution.

For the foregoing reasons, the decision of the Court of Federal Claims is affirmed.