NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GUY E. MICHAEL,**
*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

---

2013-5107

---

Appeal from the United States Court of Federal Claims in No. 12-CV-0083, Senior Judge Robert J. Yock.

---

Decided: November 8, 2013

---

GUY E. MICHAEL, Baker City, Oregon, pro se.

NINA C. ROBERTSON, Attorney, Appellate Section, Environment & Natural Resources Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With her on the brief was ROBERT G. DREHER, Acting Assistant Attorney General.

---

Before WALLACH, LINN, and TARANTO, *Circuit Judges.*

PER CURIAM.

Guy Michael appeals from the United States Court of Federal Claims' decision denying his takings claim and dismissing his remaining state law and federal claims for lack of jurisdiction.  This court affirms.

BACKGROUND

Mr. Michael is an Oregon miner who, on July 9, 2003, acquired co-ownership of four unpatented mining claims: Round Butte 1, Round Butte 2, Black Butte, and Burnt River Queen.[1]  Mr. Michael had previously leased these claims from John Burlew starting in 1991.

An owner of an unpatented mining claim "shall have the exclusive right of possession and enjoyment" of the mining claim, *see* 30 U.S.C. § 26 (2006), but does not possess fee title to the land upon which the claim is located. *Best v. Humboldt Placer Mining Co.*, 371 U.S. 334, 336–37 (1963) (citing *Cameron v. United States*, 252 U.S. 450, 459–60 (1920)).  "Title to the underlying fee simple estate in the land remains in the United States." *Kunkes v. United States*, 78 F.3d 1549, 1551 (Fed. Cir. 1996).  Ownership of an unpatented mining claim is subject to numerous conditions and restrictions.  The claimant is restricted to using the land for uses reasonably incident to mining. *See* 30 U.S.C. § 612(a) (2006).  A claimant may occupy the land only to the extent the occupancy is reasonably incident to mining operations.  When authorized occupancy ends, the claimant has ninety

---

[1]    Round Butte 1 and 2 are "placer" claims, whereas Black Butte and Burnt River Queen are "lode" claims. *See* 30 U.S.C. § 35 (2006) (a placer claim includes "all forms of deposit, excepting veins of quartz, or other rock in place"); 30 U.S.C. §§ 23, 35 (providing that lode claims shall not exceed 1,500 feet in length along the vein or lode, whereas placer claims may not exceed 20 acres per claim).

days to remove all unauthorized property from the premises, including permanent and temporary structures, material, and equipment. 43 C.F.R. §§ 3715.5, 3715.5-1 (2008). Property that is not removed within ninety days "becomes property of the United States and is subject to removal and disposition at [the Bureau of Land Management's ("BLM")] discretion." *Id.* § 3715.5-2.

To maintain ownership of a mining claim, each claim owner must either pay an annual maintenance fee or perform at least $100 worth of labor on the claim. 30 U.S.C. § 28; 43 C.F.R. §§ 3836.11, 3834.11(a)(2), 3830.21. A claim owner who opts to perform the labor requirement must file an affidavit showing he satisfied the annual work requirement. 43 C.F.R. §§ 1744(a)(1), 3835.31, 3835.91. Failure to meet the labor requirement can result in BLM declaring the claim forfeited. *Id.* § 3836.15.

In August 2000, Mr. Michael was living in a trailer parked on Round Butte 2, where he also kept personal items and mining equipment. BLM initiated an investigation to determine whether Mr. Michael's occupancy was "reasonably incident" to his mining operations. *Id.* § 3715.5. BLM officials visited the site at least twenty times over seven years. Each time, the officials noted whether Mr. Michael or others were present and whether there was evidence of mining activity. Mr. Michael was present during only three of the inspections, and only two inspections revealed evidence of mining work. In fourteen of the twenty investigations, BLM found there was nobody present at the site.

On July 25, 2008, BLM issued an order stating Mr. Michael could no longer reside or store his equipment at Round Butte 2. It found these activities were not reasonably incident to mining activities, and that his work had not been substantially regular. *See* 43 C.F.R. § 3715.2. BLM ordered Mr. Michael to cease his occupancy within

ninety days, and remove any personal property that was not permitted by his notice of mining operations.

Mr. Michael appealed to the Interior Board of Land Appeals ("IBLA"), which affirmed BLM's decision on March 3, 2009. The IBLA stated that "[t]he overwhelming evidence in this case supports BLM's action" and "does not support [Mr.] Michael's assertions that his residency and storage of equipment and materials is reasonably incident to authorized mining activities."[2] Appellee's App'x 76. Mr. Michael failed to remove his property within the ninety-day period. From June 2 through June 5, 2009, BLM personnel removed Mr. Michael's property and trailer from Round Butte 2, and transferred the large equipment to an off-site BLM facility.

In a separate action on February 8, 2010, BLM notified Mr. Michael that he had not met the labor requirements for maintaining three of his four mining claims. BLM explained that Mr. Michael had done $180 worth of improvements, which was enough for only one of his four claims. Mr. Michael notified BLM that he had performed the $180 worth of labor at Round Butte 2. The BLM therefore renewed Mr. Michael's claim to Round Butte 2, but declared the remaining three claims abandoned and void.

In 2011, Mr. Michael filed suit against three BLM employees in the Circuit Court of the State of Oregon for the County of Baker, challenging the removal of his property from Round Butte 2, and the termination of his claims to Round Butte 1, Black Butte, and Burnt River Queen. The government removed the case to the United

---

[2] Following the IBLA's decision, BLM altered the ninety-day compliance period to run from the date of the IBLA's decision.

States District Court for the District of Oregon. The district court granted Mr. Michael's motion to transfer his Fifth Amendment takings claim to the Court of Federal Claims, and dismissed his state claims without prejudice.

Mr. Michael filed an amended complaint in the Court of Federal Claims, alleging "unlawful confiscation" of his mining equipment and residence, and the "taking of [his] livelihood." Appellee's App'x 9–10. The government moved to dismiss under the Rules of the Court of Federal Claims 12(b)(6) (for failure to state a claim) and 12(b)(1) (for lack of jurisdiction). Mr. Michael moved for summary judgment, arguing there were no factual disputes requiring trial.

With respect to Mr. Michael's Fifth Amendment takings claim, the Court of Federal Claims converted the government's motion to dismiss into a motion for summary judgment and granted judgment in favor of the government. The court held that BLM's seizure of Mr. Michael's trailer and equipment was not a Fifth Amendment taking, but rather a proper exercise of the government's police power over federally-owned land. Appellee's App'x 56–57 (citing 43 C.F.R. § 3715.5-2).

The Court of Federal Claims also held BLM's decisions voiding three of Mr. Michael's mining claims were not Fifth Amendment takings. It reasoned that "enforcement of regulations requiring positive action on behalf of claim owners to retain their claims does not constitute a Fifth Amendment taking." Appellee's App'x 60 (citing *United States v. Locke*, 471 U.S. 84, 107 (1985); *Kunkes v. United States*, 78 F.3d 1549, 1553 (Fed. Cir. 1996)).

Finally, the Court of Federal Claims dismissed for lack of jurisdiction the remaining claims based on due process and state law torts. Mr. Michael filed this timely appeal. This court has jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

DISCUSSION

The Court of Federal Claims will grant summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." R. U.S. Ct. Fed. Cl. 56(a). "We review the grant of summary judgment by the Court of Federal Claims de novo, drawing justifiable factual inferences in favor of the party opposing summary judgment." *First Commerce Corp. v. United States*, 335 F.3d 1373, 1379 (Fed. Cir. 2003). This court also reviews de novo the Court of Federal Claims' holding that it lacks subject matter jurisdiction over a claim. *Hanlin v. United States*, 214 F.3d 1319, 1321 (Fed. Cir. 2000).

The Court of Federal Claims did not err in denying Mr. Michael's takings claims. The government "maintains broad powers over the terms and conditions upon which the public lands can be used, leased, and acquired." *Locke*, 471 U.S. at 104. Unpatented mining claimants "must take their mineral interests with the knowledge that the government retains substantial regulatory power over those interests." *Id.* "Regulation of property rights does not 'take' private property when an individual's reasonable, investment-backed expectations can continue to be realized as long as he complies with reasonable regulatory restrictions the legislature has imposed." *Id.* at 107.

Mr. Michael's mining claims and occupancy on Round Butte 2 were subject to multiple "reasonable regulatory restrictions."[3] *Id.* Mr. Michael was permitted to occupy

---

[3] Mr. Michael contends the Court of Federal Claims mistakenly stated that he leased, rather than owned, the mining claims at issue. Appellant's Br. 4. However, the Court of Federal Claims simply recounted that Mr. Mi-

the surface land on his mining claims only to the extent such occupancy was "reasonably incident" to his mining operations. 30 U.S.C. § 612(a). His ownership of the mining claims was subject to the requirement that he perform at least $100 worth of improvements or pay a $140 fee for each claim. 30 U.S.C. § 28; 43 C.F.R. §§ 3836.11, 3830.21. BLM found that Mr. Michael failed to meet these requirements. BLM's consequent removal of Mr. Michael's property and its invalidation of Mr. Michael's mining claims at Round Butte 1, Black Butte, and Burnt River Queen were not Fifth Amendment takings requiring just compensation. Rather, those decisions were permissible "[r]egulation of property rights" pursuant to mining laws and regulations. *Locke*, 471 U.S. at 107. Moreover, to the extent Mr. Michael challenges the merits of BLM's decisions, he "must challenge that determination in district court under the APA and may not do so through a Tucker Act takings action in the Court of Federal Claims."[4] *Del-Rio Drilling Programs, Inc., v. United States*, 146 F.3d 1358, 1365 (Fed. Cir. 1998) (citing *Aulston v. United States*, 823 F.2d 510 (Fed. Cir. 1987)).

Mr. Michael argues that BLM's regulations governing mining claims, including the requirement to file an annu-

---

chael had initially leased his four claims, until later acquiring a coownership interest in 2003.

[4] Mr. Michael argues he could have satisfied the $100 labor requirement for all his mining claims had the government not seized his mining equipment from Round Butte 2. Appellant's Br. ¶¶ 7–9 at 6–7. Mr. Michael, however, was not entitled to store equipment on his mining claim when such occupancy was not "reasonably incident" to mining. He could have recovered the equipment from Round Butte 2, as instructed by BLM, and continued using it to meet the annual labor requirements.

al labor affidavit, are contrary to the governing statutes. Informal Br. of Appellant, Form 12, 1 (citing 30 U.S.C. § 612). He states: "In 30 U.S.C. [§] 612(a) it requires the use to be 'reasonably incident' to mining; there are no instructions or allowances in the statute for the agency to require greater work requirement than what is already in the statute, specifically 30 U.S.C. [§] 28." Appellant's Br. ¶ 9 at 7. The relevant work requirements are set forth in statute. Title 30 U.S.C. § 28 requires that "not less than $100 worth of labor shall be performed or improvements made during each year" on mining claims located after May 10, 1872. The implementing regulation requiring the same $100 "in labor or improvements," 43 C.F.R. § 3836.11, is therefore consistent with the statute, 30 U.S.C. §§ 22, 28.

Finally, to the extent Mr. Michael argues that BLM improperly denied him a hearing prior to revoking his mining claims, he alleges a due process claim over which the Court of Federal Claims lacks jurisdiction. *Crocker v. United States*, 125 F.3d 1475, 1476 (Fed. Cir. 1997) (holding there is no Tucker Act jurisdiction over a Fifth Amendment due process claim). The Court of Federal Claims was also correct to dismiss Mr. Michael's state law claims for "unjust enrichment," because the Tucker Act limits Court of Federal Claims jurisdiction to "cases not sounding in tort." 28 U.S.C. §1491(a); *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008).

We have considered Mr. Michael's remaining arguments and find them unpersuasive. Accordingly, this court affirms the decision of the Court of Federal Claims denying Mr. Michael's taking claims and dismissing his remaining claims for lack of jurisdiction.

**AFFIRMED**

No costs.