NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JANICE SUE TAYLOR,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2020-1473

---

Appeal from the United States Court of Federal Claims in No. 1:19-cv-01353-NBF, Senior Judge Nancy B. Firestone.

---

Decided:  August 25, 2020

---

JANICE SUE TAYLOR, Florence, AZ, pro se.

JANET A. BRADLEY, Tax Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by JOAN I. OPPENHEIMER, RICHARD E. ZUCKERMAN.

---

Before LOURIE, O'MALLEY, and CHEN, *Circuit Judges.*

PER CURIAM.

Janice Sue Taylor appeals from a final decision of the U.S. Court of Federal Claims dismissing her complaint for lack of subject-matter jurisdiction. *Taylor v. United States*, No. 19-1353-T, 2020 WL 983245 (Fed. Cl. Jan. 27, 2020). Because we agree that the Claims Court lacked jurisdiction over Taylor's complaint, we *affirm*.

## BACKGROUND

In 2010, Taylor was convicted on eight counts of tax evasion and willful failure to file tax returns between 2003 and 2006. She was sentenced to 78 months of incarceration, which she has completed, and ordered to pay $2,234,219 in restitution to the Internal Revenue Service (IRS).

In 2019, Taylor filed a complaint in the Claims Court,[1] seeking $15 million for the government's taking of her assets "maliciously and with full knowledge . . . without jurisdiction to do so." Complaint at 1, *Taylor v. United States*, No. 19-1353-T (Fed. Cl. Sept. 5, 2019). In Taylor's view, the government failed to comply with I.R.C. §§ 6212 and 6213 and therefore lacked entitlement to charge her with tax evasion or to collect taxes from her. Taylor also sought damages for fraud or unlawful imprisonment.

The Claims Court dismissed all counts of Taylor's complaint for lack of jurisdiction. Specifically, the court dismissed Taylor's claims based on the Internal Revenue Code because its jurisdiction to hear such tax cases is limited to actions seeking the refund of taxes, penalties, and interest

---

[1]    Taylor also sought relief in other forums, including the United States Tax Court. Relevant here, in 2018, Taylor filed a petition in the Tax Court, also challenging the IRS's failure to comply with I.R.C. §§ 6212 and 6213, but that petition was dismissed for lack of jurisdiction.

paid to the government. Taylor's unlawful imprisonment and fraud claims were dismissed because they are tort claims outside the jurisdiction of the Claims Court.

Taylor appealed, and we have jurisdiction over the Claims Court's decision under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review the Claims Court's decision regarding its jurisdiction without deference because a determination of the court's jurisdiction is a question of law. *Hanlin v. United States*, 214 F.3d 1319, 1321 (Fed. Cir. 2000).

In this appeal, Taylor argues that her due process rights were violated because the government failed to comply with I.R.C. §§ 6212 and 6213 in the proceedings leading to her conviction. According to Taylor, in dismissing her Tax Court action, the government "agreed" that it had no jurisdiction over her from 2000 to 2018 because it failed to send required notices. Reply Br. 4. She maintains that she is not seeking a refund and that her claim is a specialized one based on I.R.C. §§ 6212 and 6213 that falls within the Claims Court's jurisdiction. Reply Br. 2.

The government responds that I.R.C. §§ 6212 and 6213 are not money-mandating statutes and cannot provide jurisdiction over Taylor's claims in the Claims Court. For Taylor's other claims, the government submits that they are either tort claims or Fifth and Fourteenth Amendment claims outside of the Claims Court's jurisdiction.

We agree with the government. The Tucker Act is the primary statute conferring tax jurisdiction on the Claims Court. *See Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002) (citing 28 U.S.C. § 1491(a)(1) (2000)). But the Tucker Act is only a jurisdictional statute, and "it does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976). Thus, "a plaintiff must identify a separate source of substantive law that creates

the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (citing *United States v. Mitchell*, 463 U.S. 206, 217 (1983)).

Taylor challenges the government's compliance with I.R.C. §§ 6212 and 6213, but neither of these statutes can be fairly interpreted as money-mandating. Section 6212 provides parameters governing the IRS's mailing of notices of deficiency. Section 6213(a) provides a taxpayer with 90 days after the mailing of a notice of deficiency to commence a Tax Court proceeding to challenge the deficiency. Nothing in either section provides a right to damages if the government fails to comply with the stated requirements.

Taylor's remaining claims fare no better. To the extent she raises tort claims for fraud or false imprisonment or constitutional claims for lack of due process, those claims are outside of the Claims Court's jurisdiction. *See, e.g.*, *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) (explaining that the Claims Court lacks jurisdiction over tort actions against the United States); *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) ("The law is well settled that the Due Process clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act." (citing *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995))).

After the deadline for filing a memorandum in lieu of oral argument had passed, Taylor filed a document in this appeal reiterating arguments made in her opening brief. Extension – Brief Summary, *Taylor v. United States*, No. 20-1473 (Fed. Cir. Aug. 17, 2020), ECF No. 18. We have construed this filing as a motion to file her memorandum out of time, and the motion is granted.

## CONCLUSION

Because Taylor has failed to allege any claim that falls within the Claims Court's jurisdiction, the Claims Court

was correct in dismissing her complaint under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims. Accordingly, the judgment of the Claims Court is affirmed.

**AFFIRMED**