The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

## IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

**Opinion Number:** _____

**Filing Date: April 1, 2021**

**NO. S-1-SC-37962**

**ANGELA RUSS,**

　　Petitioner-Respondent,

v.

**JEFFERY L. RUSS,**

　　Respondent-Petitioner,

**NEW MEXICO HUMAN SERVICES DEPARTMENT,**

　　Intervenor.

**ORIGINAL PROCEEDING ON CERTIORARI**
**Debra Ramirez, District Judge**

L. Helen Bennett, P.C.
Linda Helen Bennett
Albuquerque, NM

Cortez & Hoskovec, LLC

M. Michelle Cortez
Albuquerque, NM

for Respondent-Petitioner


New Mexico Family Law, P.C.
Amanda Ann Aragon
Albuquerque, NM

for Petitioner-Respondent

# OPINION

**THOMSON, Justice**

{1}     The Uniformed Services Former Spouses' Protection Act, 10 U.S.C. § 1408 (2018), establishes that states "may treat veterans' disposable retired pay as divisible property, *i.e.*, community property divisible upon divorce." *Howell v. Howell*, ___ U.S. ___, 137 S. Ct. 1400, 1403 (2017) (internal quotation marks and citation omitted). However, 10 U.S.C. § 1408(a)(4)(A)(ii) "expressly exclude[s] from its definition of 'disposable retired pay' amounts deducted from that pay 'as a result of a waiver . . . required by law in order to receive' disability benefits." *Howell*, 137 S. Ct. at 1403 (alteration in original) (quoting 10 U.S.C. § 1408(a)(4)(A)).

{2}     The United States Supreme Court announced this rule in *Mansell v. Mansell*, 490 U.S. 581 (1989), and "held that federal law forbade [a state] from treating the waived portion as community property divisible at divorce." *Howell*, 137 S. Ct. at 1403. The *Howell* Court applied the *Mansell* rule and clarified that even if the waiver "of the retirement pay in order to receive nontaxable disability benefits" occurs "[l]ong after the divorce," a state may not "subsequently increase, pro rata, the amount the divorced spouse receives each month from the veteran's retirement pay in order to indemnify the divorced spouse for the loss caused by the veteran's waiver." *Howell*, 137 S. Ct. at 1402.

{3} When Angela Russ (Spouse) and Jeffery Russ (Veteran) divorced, they agreed to divide Veteran's military retirement pay as part of the community property. Nonetheless, about eight years after their divorce, Veteran waived his retirement pay in order to receive a disability benefit from the federal government. His waiver occurred after *Mansell* was issued, but before *Howell* was issued. The question presented to this Court is whether the Court of Appeals correctly determined that *Howell* does not apply to this case.

{4} If the *Howell* Court's application of the *Mansell* rule applies, Veteran may unilaterally change his federal benefit as he did. This change precludes Spouse from receiving any of his retirement benefit from the federal government, regardless of what he agreed to when they divorced. If the *Howell* Court's application of the *Mansell* rule does not apply, then Veteran must indemnify Spouse for her share of his waived retirement benefit. Although equitable principles may suggest that we should determine that *Howell* does not apply in this case, the Supremacy Clause of the federal constitution, U.S. Const. art. VI, cl. 2, precludes that application of equity.

{5} "The Supremacy Clause, U.S. Const., Art. VI, cl. 2, does not allow federal retroactivity doctrine to be supplanted by the invocation of a contrary approach to retroactivity under state law." *Harper v. Virginia Dep't of Tax'n*, 509 U.S. 86, 100

2

(1993). In other words, a New Mexico court must apply federal law, not state law, to determine the retroactivity of a federal rule announced by the United States Supreme Court. Nonetheless, the Court of Appeals determined that *Howell*, 137 S. Ct. 1400, "does not apply retroactively in New Mexico." *Russ v. Russ*, 2020-NMCA-008, ¶ 20, 456 P.3d 1100. Therefore, we reverse the Court of Appeals because that court based its decision on New Mexico law instead of the applicable, controlling federal law.

## I.    BACKGROUND

{6}    Veteran and Spouse married in 1993. They separated in 2006, and in May of that year, they entered into a Marriage Settlement Agreement (Agreement), which became part of the district court's Final Decree of Dissolution of Marriage. The Agreement provided that (1) Veteran had an interest in his "retired military pay" which "is divisible in divorce proceedings"; and (2) "as a compromise division of community assets [the parties] have stipulated and agreed that [Spouse] shall receive 50% of [Veteran's] disposable retired pay which was earned during the term of [the parties'] marriage."

{7}    In 2014, Veteran waived his entitlement to retired military pay in order to instead receive Combat Related Special Compensation (CRSC), a disability benefit. *See* 10 U.S.C. §1408(a)(4)(A)(ii) (excluding from the definition of "disposable

3

retired pay" that amount of retired pay waived as "required by law in order to receive compensation" for a veteran's disability benefit); 10 U.S.C. § 1413a(b)(2) (2018) (establishing criteria for determining the amount of compensation due to an "eligible combat-related disabled uniformed services retiree" who elects such benefits in lieu of receiving "retired pay").

{8}    The Defense Finance Accounting Service notified Spouse that Veteran waived all of his retirement benefits to instead receive CRSC, which meant that she would no longer receive a portion of his retired pay. Spouse filed an emergency motion to enforce the Agreement with the district court and argued that Veteran's election to receive a disability benefit in lieu of military retired pay and effectively reducing Spouse's benefits was prohibited under New Mexico law. Spouse asked the district court to order Veteran "to reimburse [her] for underpayment of her portion of his military retirement pay with interest."

{9}    Following a trial on the matter, the district court entered a judgment in favor of Spouse and determined, relevant to this appeal:

> (1) on "May 1, 2011, [Veteran] applied for and elected to receive the Veteran's Administration Waiver . . . and Concurrent Retirement and Disability Pay . . . or [CRSC]";
>
> (2) on "May 1, 2014, [Veteran] began receiving the military disability pay referred to as [CRSC]";

4

(3) "military disability pay is not divisible as community property upon divorce";

(4) Veteran "cannot escape the responsibility of paying [Spouse] what the parties agreed she earned during the time that he served in the military, no matter what name is attributed to that compensation or the source from which he pays her"; and therefore,

(5) Veteran "owes [Spouse] a total in military retirement arrears of $22,243.09."

Veteran appealed the determination that he must indemnify Spouse for the waived amounts of retired military pay; Spouse cross-appealed other determinations that do not concern the issue on appeal to this Court.

{10} The Court of Appeals sought a solution in equity, framing the question as: "what remains owed to [Spouse] after [Veteran] waived his [military retirement pay] in exchange for receiving disability-based Combat Related Special Compensation (CRSC)." *Russ*, 2020-NMCA-008, ¶ 1. The Court of Appeals determined that the United States Supreme Court in *Howell* permitted Veteran's unilateral election to receive CRSC in lieu of a retired pay and prohibited a district court from ordering a veteran who elects to receive CRSC to reimburse the veteran's spouse for waived retired pay. *Id.* ¶ 9. However, the Court of Appeals determined that the *Howell* Court announced a new rule of federal law, *id.* ¶ 17, and that there was "sufficient reason under still-applicable New Mexico precedent to deny retroactive application of *Howell*," *id.* ¶ 1. The Court of Appeals therefore affirmed the district court's

judgment that ordered Veteran to reimburse Spouse. *Id.* ¶ 21. Veteran petitioned this Court for a writ of certiorari, which we granted.

## II.    ANALYSIS

{11}    The Court of Appeals applied New Mexico law to determine that *Howell* does not apply retroactively in New Mexico. *Id.* ¶¶ 15, 20. But federal law does not allow states to apply their own law to supplant a rule of federal law in this instance. U.S. Const., art. VI, cl. 2; *Harper*, 509 U.S. at 100.

### A.    Standard of Review

{12}    This Court reviews legal questions, for example, whether federal law preempts state law, de novo. *See Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582 (stating that "[w]e review . . . legal questions de novo").

### B.    *Howell* Must Be Applied Retroactively

{13}    New Mexico generally presumes that a rule of law announced in a civil case applies retroactively. *Beavers v. Johnson Controls World Servs, Inc.*, 1994-NMSC-094, ¶ 21, 118 N.M. 391, 881 P.2d 1376. This presumption applies unless there is "an express declaration, in the case announcing the new rule," that clarifies whether the rule is intended to operate retroactively or "intended to operate with modified or

6

selective (or even, perhaps pure) prospectivity." *Id.* ¶ 22. "Absent such a declaration, the presumption may be overcome by a sufficiently weighty combination of one or more . . . factors." *Id.* (recognizing the three-factor test adopted from *Chevron Oil Co. v. Huson*, 404 U.S. 97, 106-107 (1971)).

{14}     However, *Howell* was issued by the United States Supreme Court and announced or applied a rule of federal law. *See* 137 S. Ct. at 1405-06. In contrast to New Mexico law, the United States Supreme Court abandoned the practice of presuming retroactivity and of the applicability of the *Chevron Oil* three-factor test. Specifically, the United States Supreme Court stated:

> When [the United States Supreme Court] applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate [the Court's] announcement of the rule.

*Harper,* 509 U.S. at 97; *see also Beavers*, 1994-NMSC-094, ¶ 22 (acknowledging the new "hard-and-fast rule" that applies to federal cases). In other words, when a new federal rule of law is announced by the United States Supreme Court in a civil case it *always* applies retroactively. *Harper,* 509 U.S. at 97.

{15}     The rule announced by the *Harper* Court governs the retroactive effect of *Howell* and clearly establishes that *Howell* must be given full retroactive effect. *Id.* The Court of Appeals observed that "[t]he United States Supreme Court did not

7

explicitly state whether its opinion in *Howell* should apply retroactively or prospectively" and applied "the three-factor *Beavers* test" to conclude that "*Howell* does not apply retroactively in New Mexico." *Russ*, 2020-NMCA-008, ¶¶ 14-20. The Court of Appeals conclusion ignores the federal rule announced in *Harper*.

{16}    The fact that the United States Supreme Court did not explicitly state that *Howell* applies retroactively is irrelevant to the analysis here. *See Harper*, 509 U.S. at 97; *accord Beavers*, 1994-NMSC-094, ¶ 22. The United States Supreme Court has expressly stated that when it applies a rule of federal law it is the "controlling interpretation of federal law and must be given full retroactive effect." *Harper*, 509 U.S. at 97, 100 ("The Supremacy Clause, U.S. Const., Art. VI, cl. 2, does not allow federal retroactivity doctrine to be supplanted by the invocation of a contrary approach to retroactivity under state law."). *Howell* must be given retroactive application.

**C.    *Howell* Does Not Prohibit a District Court From Considering Deeply Rooted Moral Obligations Such as Familial Obligations**

{17}    Federal law preempts any state from treating "as property divisible upon divorce military retirement pay that has been waived to receive veterans' disability benefits." *Mansell*, 490 U.S. at 594-595. Federal law also preempts states from "increas[ing], pro rata, the amount the divorced spouse receives each month from

8

the veteran's retirement pay in order to indemnify the divorced spouse for the loss caused by the veteran's waiver," even when that waiver occurs "[l]ong after the divorce." *Howell*, 137 S. Ct. at 1402.

{18} The rule applied in *Howell* may seem inequitable. It allows a veteran to unilaterally decide to convert a divisible community asset into a nondivisible personal asset long after an agreement was reached or an initial division of property rights was determined. *See, e.g.*, *In re Marriage of Cassinelli*, 229 Cal. Rptr. 3d 801, 808 (2018) ("Because CRSC is not retired pay—just as veteran's disability benefits are not retired pay—under [USFSPA] as construed in *Mansell*, a state court does not have jurisdiction to treat CRSC as community property."). The *Howell* Court "recognize[d] . . . the hardship that congressional pre-emption can sometimes work on divorcing spouses." 137 S. Ct. at 1406. Nevertheless, *Howell* is federal law, and our courts are bound by *Harper*, the Supremacy Clause, and the principles of federalism.

{19} Yet, New Mexico courts are not powerless to seek a just result. "[A] family court . . . remains free to take account of . . . reductions in value when it calculates or recalculates the need for spousal support." *Howell*, 137 S. Ct. at 1406. The United States Supreme Court has stated that "[v]eterans' disability benefits compensate for impaired earning capacity . . . and are intended to provide reasonable and adequate

9

compensation for disabled veterans *and their families.*" *Rose v. Rose*, 481 U.S. 619, 630 (1987) (internal quotation marks and citation omitted). In general, the amount of disability benefits "belies . . . that Congress intended these amounts alone to provide for the support of the children of disabled veterans." *See id*. at 630-31 (discussing veterans' benefits under another section of the United States Code).

{20}    Thus, the district court may address Spouse's contention that additional contribution is required from Veteran depending on the circumstances presented. *See Howell*, 137 S. Ct. at 1406; *see also* Rule 1-060(B) NMRA (providing circumstances under which, "[o]n motion and on such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding"). The district court should not rest its decision on the need to indemnify Spouse or replace her portion of Veteran's retirement benefit. Instead, the district court should direct its attention toward the "family support obligations [which] are deeply rooted moral responsibilities" rather than an agreement

concerning the division of community property.[1] *Rose*, 481 U.S. at 631-32 (identifying an exception for additional contribution when the determination is based on moral obligations rather than a "business relationship" between spouses for their mutual financial benefit).

## III.   CONCLUSION

{21}   Based on the foregoing, we reverse the Court of Appeals determination that *Howell* is not given full retroactive effect in New Mexico and remand for further proceedings consistent with this opinion.

{22}   **IT IS SO ORDERED.**

**DAVID K. THOMSON, Justice**

---

[1]*See, e.g.*, *Alwan v. Alwan*, 830 S.E.2d 45, 48 (Va. Ct. App. 2019) (distinguishing *Howell* by concluding that "it said nothing about the propriety of a state court's consideration of military disability benefits *as a source of funds in making a child support award*" (emphasis added)); *Matter of Braunstein*, 236 A.3d 870, 876 (N.H. 2020) (same) *cert. denied*, No. 20-267, ___ S. Ct. ___, 2020 WL 6551782 (Nov. 9, 2020); *Lesh v. Lesh*, 809 S.E.2d 890, 899 (N.C. Ct. App. 2018) (same); *Phillips v. Phillips*, 820 S.E.2d 158, 163-164 (Ga. Ct. App. 2018) (vacating the trial court's order in part because it "overstepped its authority" by ordering the husband to indemnify the wife if he elected to convert military retired pay to disability pay, but remanding and noting that "the trial court has a broad discretion to make an equitable division of [the marital property] upon consideration of all the relevant evidence") (alteration in original) (internal quotation marks and citation omitted).

**WE CONCUR:**

_____

**MICHAEL E. VIGIL, Chief Justice**

_____

**BARBARA J. VIGIL, Justice**

_____

**C. SHANNON BACON, Justice**