# United States Court of Appeals for the Federal Circuit

---

**GUY C. RHONE,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2022-1360

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-2370, Chief Judge Margaret C. Bartley.

---

Decided:  November 17, 2022

---

GUY C. RHONE, Granite Falls, NC, pro se.

BORISLAV KUSHNIR, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by BRIAN M. BOYNTON, ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY; AMANDA BLACKMON, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before CHEN, BRYSON, and HUGHES, *Circuit Judges.*

PER CURIAM.

Plaintiff-Appellant Guy C. Rhone appeals the decision of the Court of Appeals for Veterans Claims (Veterans Court) affirming a decision of the Board of Veterans' Appeals (Board) determining that the Department of Veterans Affairs (VA) lawfully withheld a portion of his disability compensation payments pursuant to a state court order for alimony payments. On appeal, Mr. Rhone argues the Veterans Court erred for two reasons: (1) federal statutes do not allow withholding of disability compensation for alimony payments; and (2) the VA's denial of substantive review of state court garnishment orders violates his right to due process within the VA adjudication system. Because the Veterans Court correctly interpreted the relevant statutes and the VA's denial of review of state garnishment orders does not violate due process, we *affirm*.

BACKGROUND

Mr. Rhone served in the United States Navy from February 1950 to December 1953 and in the United States Air Force from November 1959 to August 1988. *Rhone v. McDonough*, No. 20-2370, 2021 WL 2678674, at *1 (Vet. App. June 30, 2021) (*Veterans Court Decision*). In February 1986, Mr. Rhone and his former spouse, Jo Anne Rhone, divorced upon entry of a Final Judgment of Dissolution of Marriage (Divorce Decree) by the Circuit Court for Hillsborough County, Florida (State Court). Appx. 251, 255.[1] Recognizing that Mr. Rhone would be eligible for military retirement within two years, the Divorce Decree stated that Mrs. Rhone would receive 40% of Mr. Rhone's

_____

[1]    All Appx. citations refer to the appendix filed concurrently with Respondent-Appellee's brief.

military retirement benefits.    Appx. 252,  254–55. Mr. Rhone appealed, and the District Court of Appeals for the 2nd District of Florida (State Appellate Court) upheld the Divorce Decree.  Appx. 249–50.

In 1988, Mr. Rhone separated from military service due to physical disability.  Appx. 39, 245.  Effective August 10, 1988, he had a combined disability rating of 60%. Appx. 248.  This disability rating was subsequently increased to 70%, effective April 18, 1989.  Appx. 242.  To receive his disability compensation, Mr. Rhone elected to waive a portion of his military retirement pay on July 27, 1990.  Appx. 224.  Such a waiver is required under 38 U.S.C. § 5305 to receive VA disability compensation.[2]  As the Board found, it is undisputed that Mr. Rhone made such a waiver.  Appx. 48.

Mr. Rhone moved to modify his payment obligation under the Divorce Decree, which the State Court denied in an April 1990 order.  Appx. 230–39.  In doing so, the State Court clarified that the provision regarding Mrs. Rhone receiving 40% of Mr. Rhone's military retirement benefits

---

[2]    Section 5305 provides that

any person who is receiving pay pursuant to any provision of law providing retired or retirement pay to persons in the Armed Forces . . . and who would be eligible to receive pension or compensation under the laws administered by the Secretary [of the VA] if such person were not receiving such retired or retirement pay, shall be entitled to receive such pension or compensation upon the filing by such person with the department by which such retired or retirement pay is paid of a waiver of so much of such person's retired or retirement pay as is equal in amount to such pension or compensation.

38 U.S.C. § 5305.

"constitute[s] a provision for the payment from the Former Husband to the Former Wife of permanent periodic alimony and do[es] not constitute a property division." Appx. 230–31; *see also* Appx. 254–55. Thus, "[t]he Former Wife is and was, therefore, entitled to an amount equal to forty percent (40%) of the gross military retirement as permanent periodic alimony." Appx. 231. Mr. Rhone appealed, and the State Appellate Court affirmed the April 1990 order. Appx. 228–29.

In August 1991, the State Court issued a Continuing Writ of Garnishment directing the Air Force to withhold from Mr. Rhone's military retirement pay the alimony payment due to Mrs. Rhone. Appx. 226–27. In November 1991, the State Court issued an order to the VA indicating that the Continuing Writ of Garnishment also applied to the VA. Appx. 221–22. In December 1991, the VA's Office of District Counsel determined that the State Court's November 1991 order obliged the VA to make payments from Mr. Rhone's disability compensation to Mrs. Rhone. Appx. 219–220. Mr. Rhone was notified that the VA would begin withholding a percentage of his disability compensation effective February 1, 1992. Appx. 218, 214–16.

In June 1996, Mr. Rhone notified the VA of his intent to renounce his rights to VA benefits. Appx. 202. He subsequently filed a claim for individual unemployability, but did not receive those benefits due to his renouncement. Appx. 41; *see also* Appx. 178–202 (seeking individual unemployability benefits in 1996–1997). Despite renouncing his VA benefits, between 1998 and 2001, he repeatedly elected to receive disability compensation in lieu of retired pay, but withdrew his election upon being informed by the VA that it would be subject to garnishment. Appx. 41–42; Appx. 173–76 (seeking disability compensation in 1998, but only if no garnishment was paid to his ex-wife); Appx. 150–66 (seeking disability compensation in 2000 and then renouncing); Appx. 148–49 (seeking disability compensation in 2001 but failing to pursue benefits).

In 2002, Mr. Rhone again sought to receive disability compensation. Appx. 145–47. This time, he received a different answer from the VA on the garnishment question. In January 2003, Regional Counsel at the VA determined that Mr. Rhone's VA compensation benefits were *not* subject to garnishment. *Veterans Court Decision*, 2021 WL 2678674, at *2; Appx. 143–44. As a result, in August 2003, a VA regional office (RO) issued a decision determining that Mr. Rhone's "compensation benefits were erroneously withheld," Appx. 138, and that Mr. Rhone would be reimbursed for "all benefits previously withheld," Appx. 140. Mr. Rhone was reimbursed for $27,664 in August 2003. Appx. 117.

The conflicting decisions on garnishment led to further consideration by the VA. In January 2005, the VA's Office of Regional Counsel ultimately determined that "[the] VA must comply with the validly served Order awarding Jo Anne Rhone permanent alimony of 40% of the veteran's military retirement pay." Appx. 122. A VA RO notified Mr. Rhone as to this determination and resumed garnishing his disability compensation in March 2005. Appx. 43, 46. Mr. Rhone objected and appealed. *Veterans Court Decision*, 2021 WL 2678674, at *2; Appx. 43, 117–21. Mr. Rhone continued his appeal even after Mrs. Rhone passed away in November 2005, ending the terms of the Divorce Decree for alimony payments. Appx. 43. Mr. Rhone's appeal led to three rounds of Board decisions and remands by the Veterans Court. *Veterans Court Decision*, 2021 WL 2678674, at *2 (discussing remands from the Veterans Court in March 2011, December 2012, and October 2018).

Following the Veterans Court's remand in 2018, the Board issued the February 2020 decision at issue in this appeal. *Id.*; Appx. 36–54. Relevant here, the Board found that the State Court's November 1991 order to the VA was "valid on its face" and the April 1990 order provided for "permanent periodic alimony." Appx. 36. The Board

distinguished Supreme Court cases addressing the division of community property, rather than alimony, and determined that the VA legally garnished Mr. Rhone's disability compensation under 42 U.S.C. § 659(a) and (h)(1)(A)(ii)(V). Appx. 37, 46, 51–52. The Board also determined that it lacked authority to review the state court garnishment order, as this was "the province of state and federal courts, and not [the] VA." Appx. 52–53.

Mr. Rhone appealed the February 2020 Board decision to the Veterans Court. *Veterans Court Decision*, 2021 WL 2678674, at \*1. Affirming the Board, the Veterans Court determined that 42 U.S.C. § 659(a) and (h)(1)(A)(ii)(V) "authorize[] [the] VA to withhold a portion of a veteran's VA disability payment for alimony or child support pursuant to legal process when a veteran has waived a portion of military retirement pay to receive VA benefits." *Veterans Court Decision*, 2021 WL 2678674, at \*4. The Veterans Court explained that, "[b]ecause Mr. Rhone waived a portion of his military retirement pay to receive VA disability benefits, those benefits are not exempt from apportionment for the purpose of alimony payment under 38 U.S.C. § 5301(a)(1)." *Id.* The Veterans Court also determined that the VA lacks jurisdiction to "decide all questions of law and fact" associated with a state garnishment order because garnishment is a matter of state law. *Id.* at \*5 (quoting 38 U.S.C. § 511(a)). This appeal followed.

## DISCUSSION

Our authority to review decisions of the Veterans Court is limited by statute. *Goodman v. Shulkin*, 870 F.3d 1383, 1385 (Fed. Cir. 2017). Our review is limited to legal challenges regarding the "validity of any statute or regulation or any interpretation thereof . . . , and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). We may review "a challenge to a factual determination" or "a challenge to a law or regulation as applied to the facts of a

particular case" only if the appeal presents a constitutional issue. *Id.* § 7292(d)(2). We must affirm a Veterans Court decision unless it is "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." *Id.* § 7292(d)(1).

I

We first consider whether the VA is statutorily authorized to withhold disability compensation for court-ordered alimony payments. We determine that it is.

Under 38 U.S.C. § 5301(a)(1), VA benefits are generally exempt from any legal or equitable process, "except to the extent specifically authorized by law." One such authorization is found in 42 U.S.C. § 659, which provides an exception for alimony and child support:

> Notwithstanding any other provision of law . . . , effective January 1, 1975, moneys (the entitlement to which is based upon remuneration for employment) due from, or payable by, the United States . . . to any individual . . . shall be subject, in like manner and to the same extent as if the United States . . . were a private person, to withholding in accordance with State law . . . and to any other legal process brought, by a State agency administering a program under a State plan approved under this part or by an individual obligee, to enforce the legal obligation of the individual to provide child support or alimony.

42 U.S.C. § 659(a). Thus, § 659(a) allows withholding of money "based upon remuneration for employment" to provide alimony obligated under State law. Moreover, money "based upon remuneration for employment" includes

disability compensation from the VA under
§ 659(h)(1)(A)(ii)(V):

> [M]oneys payable to an individual which are con-
> sidered to be based upon remuneration for employ-
> ment . . . consist of . . . *compensation for a service-
> connected disability paid by the Secretary [of Veter-
> ans Affairs]* to a former member of the Armed
> Forces who is in receipt of retired or retainer pay if
> the former member has waived a portion of the re-
> tired or retainer pay in order to receive such com-
> pensation[.]

42 U.S.C. § 659(h)(1)(A)(ii)(V) (emphasis added). Accord-
ingly, if a veteran has waived a portion of his military re-
tirement pay in order to receive disability compensation,
§ 659(a) and (h)(1)(A)(ii)(V) authorize the VA to withhold
disability compensation for alimony payments. The Board
found that Mr. Rhone had in fact elected to make such a
waiver, making his case fall within the plain language of
§ 659. Appx. 48, 52.

Mr. Rhone argues that § 659 must be read in light of
the Uniformed Services Former Spouses' Protection Act
(USFSPA), 10 U.S.C. § 1408, which was enacted after
§ 659.[3]  Specifically, Mr. Rhone argues that § 1408(d)(1)

---

[3]    The USFSPA, § 1408, was enacted in response to
the Supreme Court's decision in *McCarty v. McCarty*,
which held that "federal law [on military retirement] pre-
cludes a state court from dividing military nondisability re-
tired pay pursuant to state community property laws." 453
U.S. 210, 211, 236 (1981).  The USFSPA superseded
*McCarty* by adding § 1408(c)(1), which permits a state
court to treat a portion of a veteran's retired pay as "divisi-
ble property, *i.e.*, community property divisible upon di-
vorce." *See Howell v. Howell*, 137 S. Ct. 1400, 1403 (2017)

requires alimony to be paid from "disposable retired pay," which does not include disability compensation, and therefore § 659 "cannot be applied separately and independently from § 1408." Appellant's Br. at 9–10. He further argues that this case is governed by the Supreme Court decisions in *McCarty v. McCarty*, 453 U.S. 210 (1981); *Mansell v. Mansell*, 490 U.S. 581 (1989); and *Howell v. Howell*, 137 S. Ct. 1400 (2017). Appellant's Br. at 4, 6–8, 11–12. We disagree that § 1408 or the cited Supreme Court cases control here because the cited authority relates to the ability to treat military retirement pay as community property and does not speak to whether alimony may be withheld from disability compensation, the latter being governed by § 659. We address both arguments in turn.

Section 1408(d)(1) authorizes the Secretary of the appropriate military department to make payments from a servicemember's "disposable retired pay" to satisfy court-ordered alimony:

> After effective service on the Secretary concerned of a court order providing for the payment of child support or alimony . . . *the Secretary shall make payments* (subject to the limitations of this section) *from the disposable retired pay* of the member to the spouse or former spouse . . . *in an amount sufficient to satisfy the amount of* child support and

---

(citing § 1408(c)(1), (a)(4)(A)(ii)). In light of the USFSPA, states may treat the nonwaived portion of a veteran's retired pay as community property. § 1408(a)(4)(A)(ii); *see Howell*, 137 S. Ct. at 1404 (explaining that the USFSPA "did not gran[t] the States the authority to treat total retired pay as community property" because "Congress excluded from its grant of authority the disability-related waived portion of military retirement pay" (alteration in original) (internal quotations and citation omitted)).

> *alimony set forth in the court order* and, with re-
> spect to a division of property, in the amount of dis-
> posable retired pay specifically provided for in the
> court order.

10 U.S.C. § 1408(d)(1) (emphasis added).   Under
§ 1408(a)(4)(A)(ii), "disposable retired pay" is defined as a
veteran's "total monthly retired pay . . . less amounts
which . . . are deducted from the retired pay . . . as a result
of a waiver of retired pay required by law in order to receive
[disability    benefits]."        § 1408(a)(4)(A)(ii).      While
§ 1408(d)(1) regulates withholding from a certain portion
of retirement pay—defined as disposable retired pay—
nothing in § 1408(d)(1) forecloses the Secretary of the VA
from withholding alimony obligations from disability com-
pensation.   As explained above, that separate matter is
governed by § 659.

Mr. Rhone's reliance on § 1408(d)(1) ignores the fact
that § 1408 and § 659 are directed to different departments
and different sources of money.   Section 1408 is in Title 10
of the U.S. Code, which governs the Armed Forces, and au-
thorizes the Secretary of the appropriate military depart-
ment to deduct child support, alimony, or community
property from a member's disposable retired pay—i.e., the
pay earned for completing a prescribed time in service—in
response to a court order.   *See* § 1408(d)(1).   In contrast,
§ 659 is in Title 42 and authorizes the Secretary of the VA
to garnish a member's disability pay—i.e., the pay the
member receives as compensation for a disability—in re-
sponse to a court order.   *See* § 659(a), (h)(1)(A)(ii)(V).   A re-
tired service member with a disability may receive both
retired pay and disability compensation, and § 1408(d)(1)
and § 659 work together to ensure that both forms of pay-
ment to the service member are subject to state orders to
pay alimony.   Thus, § 1408(d)(1)'s authorization for the
Secretary of the appropriate military department to deduct
alimony from "disposable retired pay" is irrelevant to
whether the Secretary of the VA may withhold alimony

from disability compensation under § 659. Under §§ 1408 and 659, alimony may be paid both (1) by the Secretary of the appropriate military department by deducting from a member's disposable retired pay, and (2) by the Secretary of the VA by garnishing a member's disability compensation. Contrary to Mr. Rhone's arguments, § 1408 is entirely consistent with § 659, and therefore his view that § 1408 supersedes § 659 is without merit.

Mr. Rhone's argument also conflicts with the legislative history. The Senate Report accompanying the USFSPA expressly contemplates § 659 and § 1408 operating together to provide two, parallel methods for enforcing alimony obligations. S. Rep. No. 97-502, at 20 (1982), *as reprinted in* 1982 U.S.C.C.A.N. 1596, 1615. The Senate Report recognizes that § 659 required the government to honor "garnishment [orders] to enforce delinquent child support or alimony obligations" for members of the uniformed services while § 1408 "will provide *a second method* of enforcing such obligations on the part of members of the uniformed services who are entitled to retired or retainer pay." *Id.* (emphasis added). The Senate Report further states that "it is not the intent or purpose of the bill to deny proper parties the use of the enforcement provisions of [§ 659]." *Id.* Thus, Congress did not intend § 1408 to prohibit alimony payments from VA disability compensation, as Mr. Rhone argues.

None of the Supreme Court decisions relied upon by Mr. Rhone are inconsistent with the above-discussed statutes because those decisions (1) address community property, not alimony, and (2) never address § 659's impact on disability compensation. In *McCarty*—a pre-USFSPA decision—the Supreme Court held that "federal law [on military retirement] precludes a state court from dividing military *nondisability* retired pay pursuant to state *community property* laws." *McCarty*, 453 U.S. at 211, 236 (emphasis added). *McCarty* was subsequently superseded in part by the USFSPA, which permits treating the

nonwaived portion of military retirement pay as community property. *See supra* note 3.

The Supreme Court's post-USFSPA decisions in *Mansell* and *Howell* also focused on community property rather than alimony, and considered the limits of § 1408, not § 659. In *Mansell*, the Supreme Court held that state courts may not "treat as *property divisible upon divorce* military retirement pay that has been waived to receive veterans' disability benefits." *Mansell*, 490 U.S. at 595 (emphasis added). And in *Howell*, the Court considered whether a State could first "treat[] as *community property* . . . a portion of the veteran's total retirement pay" and then, after the veteran waived a portion of his retirement pay to receive disability benefits, "increase . . . the amount the divorced spouse receives each month from the veteran's retirement pay in order to indemnify the divorced spouse for the loss caused by the veteran's waiver." *Howell*, 137 S. Ct. at 1402 (emphasis added). Thus, *McCarty*, *Mansell*, and *Howell* prohibit treating waived retired pay as divisible community property. Because these cases address only community property and say nothing about withholding alimony benefits under § 659, they do not prohibit withholding disability compensation for alimony payments as Mr. Rhone argues.[4]

---

[4] To the extent Mr. Rhone argues that (1) federal laws preempt the garnishment of disability compensation for alimony (*see* Appellant's Br. at 5–8, 12, 16), or (2) that *McCarty* invalidated § 659, and specifically § 659(h)(1)(A)(ii)(V) (*see* Appellant's Br. at 17), he misapplies *McCarty*, *Mansell*, and *Howell*'s community property analysis to incorporate alimony. None of these cases address alimony, and thus cannot preempt or invalidate § 659, which is directed only to "child support or alimony" and by definition excludes community property. *See*

Section § 659 is not in conflict with § 1408 or the Supreme Court's decisions in *McCarty*, *Mansell*, and *Howell*. As previously stated, § 659 and § 1408 work together so that alimony may be paid from both a veteran's disability compensation and military retirement pay. Accordingly, the Veterans Court correctly determined that § 659 authorizes the VA to withhold a portion of a veteran's VA disability compensation for alimony when the veteran has waived a portion of military retirement pay to receive disability compensation.

## II

Mr. Rhone argues that he is entitled, under 38 U.S.C. § 511(a), to review by the Board of the state garnishment order for alimony. Appellant's Br. at 26–27. He argues

---

§ 659(a); *Compare Howell v. Howell*, 137 S. Ct. at 1403 (explaining that "divisible property" is "community property divisible upon divorce"), *with* § 659(i)(2) (defining "child support" as "amounts . . . for the support and maintenance of a child . . . which provides for monetary support, health care, arrearages or reimbursement, and which may include other related costs and fees, interest and penalties, income withholding, attorney's fees, and other relief"), *and* § 659(i)(3)(A), (B)(ii) (defining "alimony" as "periodic payments of funds for the support and maintenance of the spouse (or former spouse) of the individual, and (subject to and in accordance with State law) includes separate maintenance, alimony pendente lite, maintenance, and spousal support" and "does not include . . . any payment or transfer of property or its value by an individual to the spouse or a former spouse of the individual in compliance with any community property settlement, equitable distribution of property, or other division of property between spouses or former spouse").

that the VA's refusal to undertake such a review violates his due process rights. *Id.* We disagree.

We have explained that "[g]arnishment is purely a creature of state law" that is "routinely provided by state law for enforcement of court-ordered child support and alimony (a judgment debt)." *Millard v. United States*, 916 F.2d 1, 3 (Fed. Cir. 1990). Because garnishment is a matter of state law, any violations of due process "would have been violated by the [state] court that issued the order, not the United States which merely complied with that order as it was required to do." *Id.* at 8. Thus, any challenges to the garnishment order are properly heard in the state that issued the garnishment order.

Because garnishment of alimony is a matter of state law provided by state courts, § 511(a) does not entitle a veteran to a second opportunity for adjudication of that matter within the VA system. Section 511(a) states that "[t]he Secretary shall decide all questions of law and fact necessary to *a decision by the Secretary under a law that affects the provision of benefits by the Secretary* to veterans or the dependents or survivors of veterans." 38 U.S.C. § 511(a) (emphasis added). Without a decision by the Secretary, the Board has no jurisdiction. *See Bates v. Nicholson*, 398 F.3d 1355, 1365 (Fed. Cir. 2005) ("Section 511(a) does not apply to every challenge to an action by the VA. . . . [I]t only applies where there has been a 'decision by the Secretary.'" (citing *Hanlin v. United States*, 214 F.3d 1319, 1321 (Fed. Cir. 2000))). Because garnishment of alimony is a matter of state law provided by state courts, it is *not* a decision "by the Secretary under a law that affects the provision of benefits by the Secretary." *Cf. id.* Indeed, Mr. Rhone agrees that "[a]ny appellate review, if one takes place at all, is with the same state court that initially ordered the garnishment of the waived retired pay." *See* Appellant's Br. at 27. Thus, the Veterans Court correctly determined that Mr. Rhone is not entitled, under § 511(a), to adjudication by the VA as to the merits of the garnishment order issued

by the State Court and affirmed by the State Appellate Court.[5]

## CONCLUSION

We have considered Mr. Rhone's remaining arguments and do not find them persuasive. For the foregoing reasons, we affirm the decision of the Veterans Court.

## **AFFIRMED**

### COSTS

No costs.

---

[5] Mr. Rhone also argues that VA General Counsel Precedential Opinion 4-97, 1997 WL 34674459 (Jan. 22, 1997), violates his due process rights by foreclosing any review within the VA adjudication system of regional office decisions relating to state garnishment orders. Appellant's Br. at 2, 24–29. Our determination that challenges to a state garnishment order must be heard in the state that issued the order remains true regardless of whether or not Precedential Opinion 4-97 is in effect.