# IN THE COURT OF APPEALS OF IOWA

No. 22-1705
Filed July 24, 2024

**IN RE THE MARRIAGE OF TODD DAVID LANDEN**
**AND APREL DAWN LANDEN**

**Upon the Petition of**
**TODD DAVID LANDEN,**
　　　Petitioner-Appellant/Cross-Appellee,

**And Concerning**
**APREL DAWN LANDEN,**
　　　Respondent-Appellee/Cross-Appellant.

_____

　　　Appeal from the Iowa District Court for Woodbury County, Tod Deck, Judge.


　　　Both parties appeal the decree dissolving their marriage. **AFFIRMED ON APPEAL AND CROSS-APPEAL.**


　　　Craig H. Lane, Sioux City, and Carson J. Tucker, Troy, Michigan, for appellant.

　　　John S. Moeller of John S. Moeller, P.C., Sioux City, for appellee.


　　　Considered by Langholz, P.J., and Bower and Carr, S.JJ.*

　　　*Senior judges assigned by order pursuant to Iowa Code section 602.9206 (2024).

**LANGHOLZ, Presiding Judge.**

Todd and Aprel Landen each appeal the decree dissolving their marriage. Todd argues that the district court violated federal law by including his veterans' disability benefits when calculating his income to decide the spousal and child support he owes Aprel. He similarly argues that it violated federal law to include the marital home in the property division because its value includes improvements that were paid for by the Department of Veterans Affairs ("VA"). And Aprel cross-appeals her $1500-per-month spousal-support award, arguing that it should have been "permanent" rather than only for ten years.

Todd's reliance on federal law to challenge the spousal- and child-support awards is misplaced. True, such disability benefits cannot be divided as part of a marital property division. But spousal- and child-support awards are not a property division. And federal law does not prohibit consideration of veterans' disability benefits received by a divorcing party when deciding the appropriate amount of spousal or child support. We thus affirm the district court's calculation of Todd's income. We cannot consider Todd's challenge of the inclusion of his marital home in the property division because he did not raise that issue in the district court, and the court did not decide it. So error is not preserved.

On Aprel's cross-appeal, we cannot say that the district court's award of spousal support for only ten years fails to do equity. And we decline her request for appellate attorney fees.

## I.     Background Facts and Proceedings

Todd served our nation in the United States Army for over two decades, receiving the Purple Heart and the Bronze Star Medal. He was deployed overseas

three times. During his last deployment to Iraq in 2006, Todd was severely injured by an improvised explosive device. Todd suffered a traumatic brain injury and other physical injuries, resulting in him undergoing thirty-one surgeries by the time of trial and lingering post-traumatic stress disorder. The VA determined Todd was totally and permanently disabled from his military service and injuries.

Todd was honorably discharged in 2014. To receive disability benefits from the VA, Todd waived at least a portion of his military retirement benefits. So at the time of the trial, he received $3562.06 in disability pay from the VA and $2668.32 in concurrent retirement disability pay from the Department of Defense each month. He also received $1685 in social security disability benefits per month and $458 in social security benefits for the parties' child.

Aprel and Todd married in April 2005. The parties share one daughter, who became an adult while this appeal was pending. Aprel graduated from a business school but was unemployed at trial. She worked various jobs during the early part of their marriage, such as a bank teller, restaurant manager, and at a car dealership, while also raising their child. In 2009, after Todd's injury, Aprel began working only as his care provider—paid by the VA to serve as Todd's non-medical attendant. This position lasted until the parties separated in 2018. While Todd had a gainful career with the army, Aprel's last profitable employment was in 2021 as an office manager. She also sells prepaid legal services, but she earned only $1629 in 2020 from this work and was uncertain if she would turn a profit in 2021.

Todd petitioned to dissolve the parties' marriage in November 2018. The case took a long and contested journey—most of which is irrelevant to the disputes still alive on this appeal. But throughout, Todd argued that federal law prohibits

Iowa courts from including veterans' disability benefits in the calculation of his income when deciding the parties' spousal- and child-support obligations. Despite this objection, the district court included his disability benefits when calculating his income and ordering him to pay temporary spousal support and setting the amount of Aprel's temporary child support owed to him. And in December 2019, Todd unsuccessfully sought interlocutory review of the temporary awards. Todd continued to pursue this argument when the case finally made it to trial over multiple days from October 2020 to February 2022.

In October 2022, the court issued the dissolution decree. The court included Todd's veterans' disability benefits in its calculation of his income, finding his monthly income totaled $7915.38. It again rejected Todd's arguments that doing so violated federal law, explaining that "these amounts can be considered for these purposes, even though they may be exempt from execution or division under federal law" and emphasizing that it had "not considered these amounts as 'assets' or factors relevant to an equitable division of property and debts."

The court found Aprel to have no current income, as she suffered some health issues that forced her to leave her previous work and temporarily receive disability payments. But the court also found she was capable of working. So based on the parties' respective incomes, their "somewhat long" marriage, "comfortable" marital lifestyle, and Aprel's financial dependence on Todd, the court awarded Aprel $1500 in spousal support per month for ten years unless she sooner remarried or either party died. And the court ordered Todd to pay $1087 in child support per month until their daughter turned eighteen or completed school.

The court also divided the parties' property and debts, noting that it was a "difficult task" because "both parties from the beginning essentially glossed over the issues of property division." In the division, the court awarded Todd the marital home with a value of $260,000 but gave Aprel credit for her share of the equity. And based on the total division of property, it ordered Todd to pay Aprel an equalization payment of $79,579.

Todd now appeals. And Aprel cross-appeals.

## II.     Income Calculation for Spousal and Child Support

Todd focuses his appeal on a single challenge to the court's spousal- and child-support awards. He argues the district court violated federal law by including his veterans' disability payments in his income when calculating the amount of both awards. And so, he seeks to have those awards reconsidered excluding his veterans' disability benefits from his income. We review the district court's decision to include the disability benefits in the income calculation de novo. See *In re Marriage of Gust*, 858 N.W.2d 402, 406 (Iowa 2015).

Todd offers many pages of briefing on federal statutes, regulations, cases, and constitutional clauses about the protections given to veterans' retirement and disability benefits. But he has pointed us to no authority that governs the issue he raises on appeal. He mainly relies on authority about the limited ways in which such benefits can be divided as part of a property division. *See, e.g.*, *Howell v. Howell*, 581 U.S. 214, 216–18 (2017). But the district court did not include Todd's disability benefits in its property division. So those authorities are not on point.

And as the United States Supreme Court recently reaffirmed—in a case on which Todd himself hangs much weight—the limitations on state courts dividing

disability benefits does not affect our ability to account for the economic impact of those benefits when awarding family support. *See id.* at 222 (noting "a family court . . . remains free to take account of . . . reductions in value [because of the waiver of retirement benefits] when it calculates or recalculates the need for spousal support"). Indeed, our supreme court also followed this reasoning, stating that a veteran's "disability payment may be considered in the equitable granting of alimony or support." *In re Marriage of Howell*, 434 N.W.2d 629, 633 (Iowa 1989). So too have other state supreme courts. *See Parish v. Parish*, 991 N.W.2d 1, 9–10 (Neb. 2023); *Cook v. Cook*, 983 N.W.2d 180, 193 (S.D. 2022); *Russ v. Russ*, 485 P.3d 223, 228 (N.M. 2021). And including disability benefits when calculating spousal or child support ensures that these benefits support the veterans and their families, as they are designed to do. *See Rose v. Rose*, 481 U.S. 619, 630 (1987) ("Veterans' disability benefits compensate for impaired earning capacity . . . and are intended to provide reasonable and adequate compensation for disabled veterans *and their families*." (cleaned up)).[1]

---

[1] Nor does the decree here—which merely requires Todd to pay Aprel the support awarded—require us to decide whether Aprel could reach Todd's disability benefits to enforce the award if he refused to pay. *But see Rhone v. McDonough*, 53 F.4th 656, 660 (Fed. Cir. 2022) (holding that "the VA is statutorily authorized to withhold disability compensation for court-ordered alimony payments" and rejecting arguments similar to those made by Todd that 38 U.S.C. § 5301(a)(1) or 42 U.S.C. § 659 protects veterans disability payments "if a veteran has waived a portion of his military retirement pay in order to receive disability compensation"); *see also* 42 U.S.C. § 659(a), (h)(1)(A)(ii)(V) (including payments "by the Secretary of Veterans Affairs as compensation for a service-connected disability . . . to a former member of the Armed Forces who is in receipt of retired or retainer pay if the former member has waived a portion of the retired or retainer pay in order to receive such compensation" within the definition of "moneys" subject to enforcement under state law for "child support or alimony" obligations).

The district court did not violate federal law by including Todd's veterans' disability payments in his income when calculating the spousal- and child-support awards. Because Todd makes no other challenge to the awards, we affirm on his appeal.

### III. Property Division

Todd also challenges the district court's inclusion of the marital home in the property division. The court awarded Todd the home. But in consideration of the total property division, the court required him to pay Aprel a property equalization payment of $78,579. Because the home's value included significant modifications—such as a new addition and elevator—that Todd claims were paid for by the VA to accommodate his disabilities, Todd contends federal law prohibits it from being included in the property division.

But Todd has pointed to no place in the record showing that he raised this issue in the district court—even after Aprel argued he had failed to preserve error in her brief. *See* Iowa R. App. P. 6.903(2)(a)(8)(1) (requiring for each issue, "[a] statement addressing how the issue was preserved for appellate review, with references to the places in the record where the issue was raised and decided in the district court"). And the district court did not decide it. So he has failed to preserve error, and we cannot consider this property-division challenge on appeal. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

### IV.     Spousal Support Duration

On cross-appeal, Aprel contends the district court erred in awarding her spousal support for only ten years rather extending it until "death of either party or her remarriage."  She argues that a longer duration is appropriate because she "was not in the workplace but rather stayed home to take care of Todd" for most of the parties' sixteen-year marriage.  And she contends that both her "earning potential and Todd's income can be predicted with some reliability."

We review a district court's spousal support ruling de novo.  *In re Marriage of Sokol*, 985 N.W.2d 177, 182 (Iowa 2023).  But we defer to the district court's "important, but often conjectural, judgment calls" and must not engage in "undue tinkering" with the award on appeal.  *Id.* at 182–83 (cleaned up).  And so, we will "disturb the district court's determination of spousal support only when there has been a failure to do equity."  *Id.* at 182 (cleaned up).

"Spousal support is not an absolute right; rather, its allowance is determined based on the particular circumstances presented in each case."  *Id.* at 185 (cleaned up).  To decide on an equitable spousal-support award, a court must consider the statutory factors set forth in Iowa Code section 598.21A(1).  *See id.*  The supreme court has "recognized four forms of spousal support deemed equitable: traditional, reimbursement, rehabilitative, and transitional."  *Id.*

The district court did not specify which type of spousal support it awarded.  In explaining its award of $1500 per month for ten years or until Aprel remarries or either party dies, the court reasoned:

> The parties lived a comfortable but not extravagant lifestyle.  They had solid incomes throughout much of the marriage, particularly the latter part of the marriage.  There is a significant disparity in income

between the parties and it is equitable to mitigate that disparity. This was a marriage of somewhat long duration. Though Aprel has earned money throughout the marriage, Todd has earned more. Aprel has been financially dependent on Todd. Todd controlled the money in the marriage. Aprel has some but not an extensive amount of education, training, or experience. She spent a significant amount of time as a primary caregiver for [their daughter]. She also spent a lot of time as a primary caregiver for Todd, to his benefit and though she was paid for much of it, to her detriment as to the opportunity to build a career outside the home. She is not leaving the marriage with a large amount of assets. She does not have any retirement, while Todd has guaranteed income. Finally, Aprel has significant health issues that are now preventing her from working.

This seems to be an award of rehabilitative or traditional alimony or perhaps a hybrid of the two. *See In re Marriage of Becker*, 756 N.W.2d 822, 827 (Iowa 2008) (modifying decree to award spousal support for ten years to help the spouse "obtain the education necessary to resume" her career and "develop her earning capacity past an entry-level position" while noting it was neither "strictly rehabilitative [n]or traditional spousal support"); *In re Marriage of Mouw*, 561 N.W.2d 100, 102 (Iowa Ct. App. 1997) (modifying a decree to award spousal support of $2000 per month for ten years after a fifteen-year marriage where earning capacity of the receiving spouse was likely to increase without specifying the type of support). But we need not decide if the award falls within one of these generally recognized categories and is supported by the equitable factors because Todd does not challenge the amount or duration of the existing district court award. Only Aprel challenges the award, seeking to expand it to be "permanent." And there is no question—as Aprel recognizes—that the award she seeks is traditional spousal support.

"An award of traditional spousal support is equitable in marriages of long duration to allow the recipient spouse to maintain the lifestyle to which he or she

became accustomed." *Sokol*, 985 N.W.2d at 185. "Generally, only marriages lasting twenty or more years commonly cross the durational threshold and merit serious consideration for traditional spousal support." *Id.* (cleaned up). And even when appropriate, "the duration of support should correspond with need." *Id.* The support should terminate—not be permanent—when the recipient spouse "has or will at some point reach a position where self-support at a standard of living comparable to that enjoyed in the marriage is attainable." *Id.*

We see no reason to increase the duration of the district court's ten-year award. For starters, the parties' sixteen-year marriage—with this dissolution proceeding pending nearly a quarter of that time—does not cross the typical twenty-year threshold. True, the twenty-year threshold has not been treated as "a bright-line test." *In re Marriage of Nelson*, No. 15-0492, 2016 WL 3269573, at *3 (Iowa Ct. App. June 15, 2016). But the supreme court recently characterized the award of traditional spousal support after a fifteen-year marriage as "not falling within the well-established" category because that duration "was not close to meeting the typical durational threshold." *Sokol*, 985 N.W.2d at 186 (cleaned up). And even if some limited traditional spousal support is appropriate, we agree with the district court's implicit conclusion that ten years will provide ample time for Aprel to reestablish herself as a single person, find gainful employment, and support herself at a comparable standard of living. *See id.*; *Becker*, 756 N.W.2d at 827. Because Aprel's request for a permanent spousal-support award is not necessary to do equity, we affirm the district court's award.

**V.    Appellate Attorney Fees**

Finally, Aprel asks for appellate attorney fees.  Attorney fees on appeal are not awarded as a matter of right.  *In re Marriage of McDermott*, 827 N.W.2d 671, 687 (Iowa 2013).  In deciding "whether to award appellate attorney fees, we consider the needs of the party seeking the award, the ability of the other party to pay, and the relative merits of the appeal."  *Id.* (cleaned up).  Here, Aprel defended the district court's decision in part but also unsuccessfully appealed one issue.  Given the equitable property division and the other factors, we decline Aprel's request to award appellate attorney fees.

**AFFIRMED ON APPEAL AND CROSS-APPEAL.**